**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DAVID JIMENEZ,**

**Plaintiff,**

**v.** **Case No: 8:26-cv-2215-MSS-SPF**

**STATE OF FLORIDA, et al.,**

**Defendants.**

---

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Dkt. 2), which the Court construes as a motion to proceed *in forma pauperis*. Also before the Court is Plaintiff's Complaint. (Dkt. 1) On August 6, 2026, United States Magistrate Judge Sean P. Flynn issued a Report and Recommendation. (Dkt. 4) Judge Flynn recommended that Plaintiff's Motion to Proceed *In Forma Pauperis* be denied and the Complaint be dismissed without prejudice to refiling if his conviction is overturned. (Id.) Plaintiff filed a Motion to Ask Questions Regarding Issues, (Dkt. 5), which the Court construes as an objection to the Report and Recommendation. Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis* and **DISMISSES** the Complaint without prejudice.

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Plaintiff filed a Motion to Ask Questions Regarding Issues, which this Court construes as an objection. (Dkt. 5) In the Motion, Plaintiff questions whether this matter will proceed to trial. Because Plaintiff indicates confusion over the Report and Recommendation, the Court provides additional clarity. Plaintiff cannot seek relief in federal court for malicious prosecution if his state court conviction has not been overturned. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). In Heck, the Supreme Court held that a plaintiff's § 1983 claim must be dismissed if "a judgment in favor of

the Plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. In such a case, a plaintiff may only proceed after showing "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486–87.

To that end, it seems unlikely that Plaintiff's conviction will be overturned, given that he was sentenced on October 23, 2013 and has been released from incarceration since July 30, 2022.[1] Unless and until Plaintiff's conviction is overturned, he cannot seek relief against the State of Florida in federal court.

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court finds that the Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 4), is **CONFIRMED** and **ADOPTED** as part of this Order.
2. Plaintiff's Motion to Proceed *In Forma Pauperis*, (Dkt. 2), is **DENIED**.
3. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

---

[1] See Florida Department of Corrections, Inmate Release Information Search, available at https://pubapps.fdc.myflorida.com/offendersearch/Search.aspx?TypeSearch=IR (last visited August 24, 2026).

4. Plaintiff's Motion to Ask Question Regarding Issues, (Dkt. 5), which the Court construes as an objection, is **OVERRULED** and **DENIED**.

5. The Clerk is directed to **TERMINATE** any pending motions and deadlines, **ENTER JUDGMENT** for Defendants and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 25th day of August 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person